2009 UT App 48

**James D. CLARK, in his capacity as Personal Representative for the Estate of Dale D. Clark, Plaintiff and Appellee,**

v.

**Mark B. ARCHER and Bonneville Superior Title, Defendants and Appellant.**

**No. 20081007–CA.**

Court of Appeals of Utah.

Feb. 20, 2009.

---

court further instructed its clerk to prepare "only a minute entry" that was to, inter alia, "vacate[ ]

Mr. Martin's sentence in its entirety."

B. Ray Zoll and Micah R. Bruner, Sandy, for Appellant.

Jeffery S. Williams and Jed K. Burton, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and ORME.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Mark B. Archer appeals the trial court's grant of summary judgment against him. This is before the court on its own motion for summary disposition based on lack of jurisdiction due to an untimely filed notice of appeal.

¶ 2 The trial court's order granting summary judgment to Dale D. Clark on one of several claims in an amended complaint was entered in March 2008. The order was certified as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure. Archer did not file a notice of appeal from that order but later filed his notice of appeal after the remaining claims were dismissed in November 2008.

¶ 3 Rule 54(b) provides that in a case with multiple claims or parties, a trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment." Utah R. Civ. P. 54(b). The effect of such a certification of an order as final is to make what would otherwise be an interlocutory order appealable as a matter of right. *See Kennecott Corp. v. Tax Comm'n*, 814 P.2d 1099, 1100 (Utah 1991). Appeals of right may be

taken from "all final orders and judgments." Utah R.App. P. 3(a). The notice of appeal from a final order must be filed within thirty days after the entry of the order appealed. *See* Utah R.App. P. 4(a). If an appeal is not timely filed, this court lacks jurisdiction over the appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 4 Archer challenges only the court's decision regarding the summary judgment. That order was certified as final in March 2008. The appeal was not filed until November 2008, well beyond the thirty-day time period in which to file an appeal from a final order. Accordingly, the appeal was untimely filed and this court lacks jurisdiction. *See id.*

¶ 5 Archer asserts that the summary judgment order was not properly certified. However, he has waived that argument by failing to timely file an appeal from the order. An order certified under rule 54(b) must be timely appealed even to challenge the propriety of the certification. *See Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir.1995). "A rule 54(b) determination, right or wrong, starts the time for appeal running. This avoids uncertainty for counsel about when to appeal." *Id.* A rule 54(b) certification "does not give the prospective appellant an election to appeal at that time or later, when the entire case is over; such a judgment is 'final as to the claims and parties within its scope, and could not be reviewed as part of an appeal from a subsequent judgment.' " *Id.*[1]

¶ 6 Accordingly, because the appeal was not timely filed, this court lacks jurisdiction and must dismiss the appeal.

¶ 7 Dismissed.

---

1. The Utah Rules of Appellate Procedure address the situation of an improperly certified order as well. If an order certified as final under rule 54(b) of the Utah Rules of Civil Procedure is determined not to be properly certified, the appellate court may consider the appeal to be a petition for interlocutory appeal, but only if the appeal from the certified order is timely. *See* Utah R.App. P. 5(a).