LILLEHAUG, Justice
(dissenting).
By the plain words of Minn. R. Civ.App. P. 104.01, subd. 1, the time to appeal from a partial judgment entered as final is 60 days: no ifs, ands, or buts. The deadline starts to run from the entry of judgment if the' district court has made' an express determination that there is no just reason for delay and has directed the entry of final judgment. The deadline starts to run regardless of whether the district court’s express determination was wise or ill-considered. Until today what was a final judgment, for the purpose of appeal and every other purpose, was crystal clear. Because the majority opinion creates a new, murky category of “mostly final” judgments, I respectfully dissent.
L
Contractors Edge, Inc. sued the City of Mankato in 2010 on claims arising out of a construction project. As is common in construction litigation, there were multiple claims and motions. By 2012, the parties had made motions for summary judgment in the district court, argued an appeal, and returned to the district court. Contractors Edge, Inc. v. City of Mankato, No. A11-916, 2012 WL 118409, at *4 (Minn.App. Jan. 17, 2012), rev. denied (Minn. Mar. 28, 2012).
On remand from the court of appeals, there remained two claims: a contract claim of about $252,000 for extra work; and a statutory claim, under the Prompt Payment Act, Minn.Stat. § 471.425 (2014), for alleged failure to pay retainage.[1] While the two claims arose out of the same contract, the theories of liability, the potential recoveries, and the City’s defenses were quite different.
*776 On October 3, 2012, the district court granted the City’s motion for summary judgment on the contract claim, but denied it on the statutory claim. The court’s decision was made by an order that incorporated an attached memorandum. At the end of the memorandum, and just above the court’s signature, the court directed: “THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.”
As directed, the court administrator promptly entered final judgment, as shown on the Register of Actions. The court administrator then sent to counsel a Notice of Filing of Order and Entry of Judgment. The notice advised that “Summary Judgment was entered on October 03, 2012.” Counsel received with the notice a copy of the judgment, stating that it had been “ADJUDGED AND DECREED that Judgment is entered” on the City’s contract claim.[2]
Contractors Edge did not appeal from the judgment within 60 days. Nor did it seek explanation or clarification from the district court. The record does not explain why no appeal was taken.
More than a year later, the parties settled the remaining statutory claim. The district court entered judgment on January 6, 2014. Less than 60 days later, Contractors Edge appealed from the October 3, 2012, order that had granted summary judgment to the City on the contract claim.[3]
The City moved to dismiss the appeal as untimely. On March 18, 2014, the court of appeals, by order signed by the chief judge, granted the motion. Contractors Edge, Inc. v. City of Mankato, No A14-0223, Order at 3 (Minn. App. filed March 18, 2014). We granted review.
II.
This appeal turns on the meaning of Minn. R. Civ.App. P. 104.01, subd. 1. As we explained recently in Walsh v. U.S. Bank, N.A., 851 N.W.2d 598 (Minn.2014), when interpreting procedural rules, we look first ,to the plain language of the rule. Id. at 601. When the language is plain and unambiguous, we follow it. Id. There is ambiguity only if the language of the rule is subject to more than one reasonable interpretation. Id.
Rule 104.01, subd. 1, captioned “Time for Appeal,” establishes a bright-line rule for appeals from judgments. A judgment is appealable, and must be appealed, within 60 days after its entry. This deadline is jurisdictional. See Jesmer Co. v. Wurdemann-Hjelm Corp., 250 Minn. 485, 488, 85 N.W.2d 207, 209 (1957) (“The limitation of time within which an appeal may be taken is jurisdictional....”). We do.not make exceptions to the appellate deadlines for simple attorney negligence, inadvertence, *777 or oversight. In re Welfare of J.R., Jr., 655 N.W.2d 1, 3-4 (Minn.2003).
The second paragraph of Rule 104.01, subd. 1, addresses judgments entered as final under Minn. R. Civ. P. 54.02. It provides:
An appeal may be taken from a judgment entered pursuant to Rule 54.02, Minnesota Rules of Civil Procedure, within 60 days of the entry of the judgment only if the trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment. The time to appeal from any other judgment entered pursuant to Rule 54.02 shall not begin to run until the entry of a judgment which adjudicates all the claims and rights and liabilities of the remaining parties.
In other words, under Rule 104.01, when a judgment is entered on fewer than all of the claims, the judgment may or may not be appealable. If the trial court does not make an “express determination that there is no just reason for delay,” it is not appealable. But if the trial court makes an “express determination,” and expressly directs entry of final judgment, it is appeal-able. While Rule 104.01 uses the term “may,” the 60-day requirement is mandatory; to be timely, the appeal must be taken within 60 days. T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC, 773 N.W.2d 783, 788 n. 5 (Minn.2009) (60-day appeal requirement in Rule 104.01, subd. 1, is mandatory, not permissive).
Here, the district court granted the motion for summary judgment on one of the two claims and made the express determination required by Rule 104.01, subd. 1, for entry of a final, appealable judgment. The court administrator correctly entered judgment based on the express direction of the district court and gave notice to the parties. Every predicate for finality and appealability was satisfied, so the 60-day deadline for appeal began to run. Thus, applying the plain words of the appellate rule, an appeal from the final judgment of October 3, 2012, was required on or before December 2, 2012, 60 days after the entry of partial final judgment. Contractors Edge waited until January 6, 2014, to appeal. Its appeal was more than a year late.
By failing to read Rule 104.01, subd. 1, straightforwardly, the majority adds a new condition to it. By making appealability of the judgment under the appellate rule conditional on an appellate court’s later determination that the trial court properly exercised its discretion pursuant to the underlying civil rule, the majority essentially inserts words into, and thereby rewrites, the appellate rule. Based on the majority holding, Minn. R. Civ.App. P. 104.01, subd. 1, now reads: “An appeal may be taken from a judgment entered pursuant to Rule 54.02, Minnesota Rules of Civil Procedure, within 60 days of the entry of the judgment only if the trial court without abusing its discretion makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment.” (Additions emphasized.)
We do not add words or phrases to unambiguous Minnesota rules. Walsh, 851 N.W.2d at 604. And amending a rule sub silentio is not the usual way we proceed. The majority’s decision to make a tacit amendment to an appellate rule — a jurisdictional rule, no less — undermines our long-standing transparency in the rules amendment process.
III.
The case law on which the majority relies in no way requires that our appellate rule be twisted in this way. The Minnesota precedent cited by the majority is easily distinguishable. In T.A. Schifsky, a dis *778 trict court, upon express determination that there was no reason to delay, ordered entry of judgment on all four mechanic’s lien claims—reserving for later decision the amount of statutory attorney fees. 773 N.W.2d at 786. Neither party had requested entry of judgment. Id. The losing party did not appeal within 60 days, instead waiting until post-trial motions were decided and attorney fees awarded. Id.
We observed that a district court has no authority to make an express determination unless the lawsuit is based on more than one legal theory or states more than one group of operative facts giving rise to relief. Id. at 787. Noting that attorney fees were “not a separate claim independent of the merits of the action, namely,the validity of the lien and the fair and reasonable value of the lien,” we decided that entry of judgment under Rule 54.02 was “unnecessary.” Id. at 789. “Nevertheless,” we held: “by operation of law that judgment became final and appealable upon its entry. Accordingly, the court of appeals correctly ruled that [the losing party’s] appeal of the judgment determining the validity and amount of the liens was not timely.” Id.
This case is not T.A. Schifsky, in which the district court directed entry of judgment on all claims under the mistaken rubric of Rule 54.02. In this case, unlike T.A. Schifsky, there is no question (and the majority does not dispute) that the district court directed entry of final judgment on fewer than all of the claims. The common-law contract claim for extra work and the statutory Prompt Payment Act claim for retainage were separate claims for the purpose of Rule 54.02. See Stearns v. Consol. Mgmt., Inc., 747 F.2d 1105, 1108-09 (7th Cir.1984) (explaining that when separate recovery is possible under two claims, those claims are separate under federal Rule 54(b)).[4]
While T.A. Schifsky’s reasoning does not control this case, its result — appeal dismissed — sends a clear message directly relevant to this case: if a party has doubts about the appropriateness of, or rationale for, any final judgment, the party fails to appeal or seek clarification at its peril. If Contractors Edge doubted that the entry of judgment was proper, it had two choices: it could have appealed on that ground,[5] or it could have sought clarification from the district court. Instead, like the losing party in T.A. Schifsky, Contractors Edge let the 60-day deadline pass.
By holding that partial final judgment on fewer than all claims, valid on its face and entered upon the district court’s express determination and direction, did not start the time for appeal, the majority declines to follow the great weight of appellate and scholarly authority to the contrary. This line of precedent is completely consistent with the plain meaning of our appellate rule and is directly applicable to the facts of this case.
In Lindsay v. Beneficial Reinsurance Co., 59 F.3d 942 (9th Cir.1995), a partial final judgment, upon express determination and direction, was entered on five common-law claims under Fed.R.Civ.P. 54(b), but summary judgment was denied on the sixth. Id. at 950. Unlike Minnesota (as the majority holds today), the Ninth *779 Circuit requires that a judge support an express determination with findings. See id. at 951. The Ninth Circuit panel determined that the bankruptcy court’s express determination was erroneous because it was made without findings. Id. But even infected with this error, the judgment was appealable: “A Rule 54(b) determination, right or wrong, starts the time for appeal running. This avoids uncertainty for counsel about when to appeal.” Id.
Three state supreme courts have considered the time for appeal in cases involving partial final judgments on fewer than all claims in which the express determination was argued to be an abuse of discretion. All three courts agreed with the Ninth Circuit that the appeal deadline runs from entry of judgment, regardless of whether the express determination was an abuse of discretion. See Wallace v. Belleview Props. Corp., 120 So.3d 485, 494 (Ala.2012) (“When the trial court enters a Rule 54(b) certification, there is a facially valid order from which the time for filing a notice of appeal starts to run.”); Jacquot v. Rozum, 790 N.W.2d 498, 505 (S.D.2010) (concluding that although the trial court abused its discretion by ordering judgment, the loser “should have appealed” from the judgment, regardless of whether the certification was “right or wrong”); Clark v. Archer, 242 P.3d 758, 761 (Utah 2010) (“[Rjight or wrong, the certification started the appeal clock running. This approach provides clarity for counsel on when to appeal and gives proper presumptive deference to the orders of trial courts.”).
Not only do the Ninth Circuit and the supreme courts of Alabama, South Dakota, and Utah agree, so do commentators. Moore’s treatise on civil procedure speaks to the precise situation here: “A Rule 54(b) judgment begins the running of the time to appeal regardless of the propriety of the entry of that judgment. In other words, whether or not the court abused its discretion in entering judgment is irrelevant to the parties’ obligation to timely appeal.” 10 James W. Moore et al, Moore’s Federal Practice § 54.26[1] (3d ed.2012) (emphasis added). “An aggrieved party must appeal a Rule 54(b) judgment within the time permitted ... and may not seek review of the judgment after the remaining claims have been adjudicated.” Id. The Wright treatise on federal procedure similarly indicates that time for ap.peal of a judgment certified under Rule 54(b) should be measured from the entry of judgment, as long as the court provides an express determination that there is no just reason for delaying review:
The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims ... eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to run from the entry of an order that meets the requirements of the rule.
10 Charles A. Wright et al., Federal Practice and Procedure § 2654 (3d ed.1998) (emphasis added).
Instead of following this strong authority, the. majority relies on Eighth Circuit precedent, Page v. Preisser, 585 F.2d 336 (8th Cir.1978), that is materially different from this case because it involved the certification of a single claim, id. at 339, just like our T.A. Schifsky case. Judgment was entered on one of two constitutional theories despite the fact that the complaint “arose out of a single transaction and asserted only a single claim.” 585 F.2d at 339. As a result, the district court had no authority to invoke Rule 54(b). Id. By *780 contrast, in this case, there are multiple claims.[6]
The other cases cited by the majority help hardly at all. For example, Watson v. Weick, 141 Idaho 500, 112 P.3d 788 (2005), turned primarily on peculiarities in Idaho R. Civ. P. 54(b). The Idaho district court ran afoul of two provisions of Idaho’s rule that have no counterpart in Minnesota: (1) the express determination and direction must appear on the judgment itself, not just on the order for judgment; and (2) when there are claims and counterclaims, there “shall” be a single judgment reflecting offsetting amounts. The “abuse of discretion” language in Watson relates to the latter peculiarity. See id. at 793-94. Finally, by citing Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442 (2d Cir.1985), the majority relies on a case premised on disagreement with the majority’s first holding: that an express determination and direction followed by entry of judgment need not be supported by a written explanation. See id. at 445 (requiring an articulated, reasoned explanation for a Rule 54(b) certification).
In sum, the majority’s holding is contrary to the plain language of the rule and applicable authority. The majority has created for Minnesota a new category of “mostly final” judgments: final judgments valid on their face that can be miraculously resuscitated for appeal after the time for review has expired.[7]
IV.
Because I read Minn. R. Civ.App. P. 104.01, subd. 1, to be clear and unambiguous, I am under no obligation to discuss the implications of the majority’s erroneous creativity. But I feel compelled to do so, because the harmful results are easily foreseeable.
Until now, a final judgment, valid on its face, entered in a Minnesota court upon express determination and direction but not appealed was truly final. It was final, not just to the litigants involved, but to the world. It was final for accrual of judgment interest, for a judgment lien, for execution on the judgment, and for the doctrine of res judicata. It could not be undone except for a limited number of very good and substantial reasons. See Minn. R. Civ. P. 60 (relief from judgment or order).
By holding that a final judgment valid on its face can be appealed and undone even after the time to appeal has expired, the majority creates a great deal of confusion. What the court of appeals had assumed to be a bright line[8] has been badly blurred. A jurisdictional and certain time limit has become elective.
Parties, attorneys, lower courts, and businesses that rely on facially valid judg *781 ments, such as lenders and title companies, will surely wonder about the legal significance of a “final” judgment entered by express determination that has not been timely appealed, but could be appealed later. They will ask: Can the winner rely on the judgment in business or personal matters — or must the winner do nothing while the rest of the litigation proceeds? If the judgment is for money, is there a judgment lien after 60 days — or might the judgment lien be eviscerated by later appeal? After 60 days, can the judgment creditor proceed to collection — or will the money have to be returned if the underlying claim is reversed on appeal down the road? Does res judicata apply after 60 days — or only after all other claims are decided and all appeals are exhausted?
The majority asserts that its holding will discourage piecemeal appeals. Instead, it will encourage litigation over late appeals. The majority’s new “mostly final” judgment category creates a “danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a [truly] final judgment can be had,” Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950).[9]
V.
I need not reach, and the majority did not have jurisdiction to reach, the question of whether the district court abused its discretion in making its express determination and direction. I need not reach, and the majority should not have reached, whether the proper remedy for the district court’s lack of explanation is reversal or a remand to the district court to explain its reasoning. Because this appeal was untimely by more than a year, I would affirm the court of appeals’ decision to dismiss it.

. After substantial completion in 2009, the City allegedly held $23,365.60 in retainage. All but $100 of that amount was paid on November 10, 2010.

. Neither party had asked for entry of final judgment under Minn. R. Civ. P. 54.02 and the district court did not explain why it made its express determination sua sponte. Certainly it would have been good practice for the district court to have explained its reasoning. But the majority holds, and I agree, that under both Minn. R. Civ.App. P. 104.01, subd. 1, and Minn. R. Civ, P. 54.02, no explanation was required.

. The notice of appeal stated that Contractors Edge appealed "from the Order granting, in part, Defendant City of Mankato’s Motion for Summary Judgment, issued and filed by the Blue Earth County District Court in the above entitled matter on October 3, 2012.” Oddly, it did not refer to either judgment. The order itself is not of the type from which one can appeal. See Minn. R. Civ.App. P. 103.03. But I do not disagree with the majority that, in this particular instance, we should construe the notice of appeal liberally to reference the second judgment entered.

. Federal Rules of Civil Procedure 54(b) and Minn. R. Civ. P. 54.02 are similar in all relevant respects.

. If a party believes that a partial final judgment has been erroneously entered based on an abuse of the trial court’s discretion, it can appeal from the judgment. When presented with a timely appeal, the court of appeals has reversed and vacated such judgments. See, e.g., Sterling State Bank v. Maas Commercial Props., LLC, 837 N.W.2d 733, 739 (Minn.App.2013), rev. denied (Minn. Nov. 12, 2013).

. Contractors Edge does not argue that it pleaded only a single claim. The majority determines that the two claims are "closely related,” but, correctly, does not deny that there were "multiple claims.” The "closely related” standard goes to whether the district court properly exercised its. discretion when it made its express determination under Minn. R. Civ. P. 54.02, not to whether the time to appeal has started to run under Minn. R. Civ.App. P. 104.01, subd. 1.

. On the new category, compare The Princess Bride (Act III Communications 1987) (Miracle Max exclaims: "Whoo-hoo-hoo, look who knows so much. It just so happens that your friend here is only mostly dead. There’s a big difference between mostly dead and all dead.... Mostly dead is slightly alive.”)

.See Javinsky v. Comm’r of Admin., 725 N.W.2d 393, 397 (Minn.App.2007). The majority’s holding creates new problems for the court of appeals, which relies heavily on the face of the judgment to determine whether an appeal is timely.

. If, as the majority surmises, district courts have ignored our cautionary notes in opinions such as T.A. Schifsky, and they routinely and thoughtlessly make judgments final with boilerplate language, the better solution might be to consider an amendment to Rule 54.02 that would require district courts to explain their express determinations. Such an amendment could be considered in a transparent rulemak-ing process.