**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee,**

v.

**Anant Kumar TRIPATI, et al., Appellants.**

No. 85–5145.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided Aug. 7, 1985.

Anant Kumar Tripati, pro se.

Marjorie Newman, Washington, D.C., F.M. Smith, Sioux Falls, S.D., Richard E. Alexander, Chicago, Ill., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and BRIGHT and HENLEY, Senior Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

On April 26, 1985, Anant Kumar Tripati and the Fort Lincoln Companies filed a notice of appeal from a final judgment entered against all remaining parties on April 22, 1985. Default judgment had, however, been entered against Tripati and the Companies on October 25, 1983 and the district court[1] had certified that judgment for immediate appeal under Federal Rule of Civil Procedure 54(b). We dismiss the appeal as untimely.

In September 1983 the Federal Deposit Insurance Corporation (FDIC) filed an action in the district court against Anant Kumar Tripati, the Fort Lincoln Companies

---

1. The Honorable Fred J. Nichol, Senior United States District Judge for the District of South Dakota.

and several other individuals. Tripati and the Companies failed to answer the complaint and amended complaint, and on October 25, 1983, the district court, being satisfied that Tripati and the Companies had been properly served, entered a default judgment against them. The court certified the judgment for immediate appeal pursuant to Federal Rule Civil Procedure 54(b).[2] Tripati and the Companies did not, however, file an immediate appeal; they waited until a final judgment was entered on the FDIC's claims against the remaining defendants on April 22, 1985.

■ We ordered Tripati and the Companies to show cause why their appeal should not be dismissed as untimely. They argue that the judgment was not final until final judgment was entered as to all claims and all parties. When a district court certifies a claim for immediate appeal under Rule 54(b), the time for taking the appeal begins to run on the date of certification. *See Page v. Preisser*, 585 F.2d 336, 338 (8th Cir.1978); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2661, at 128 (2d ed. 1983). Nevertheless, if the district court errs in certifying the claim, there is no final judgment from which to appeal, and the affected party must wait until a final judgment is entered on all claims against all parties. *See Page*, 585 F.2d at 338. In *Page*, we held that a party appealing the final judgment on remaining claims may challenge an earlier Rule 54(b) certification. Tripati and the Companies, have not argued that the district court erred in certifying the default judgment against them. Because of the serious consequences of dismissal, however, we will briefly consider the issue.

■ In reviewing a Rule 54(b) certification, we examine whether the claims are distinct enough to warrant separate appeals. "The discretionary judgment of the district court should be given substantial deference for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), (citations omitted).

■ The district court did not err in separating for appeal the claims against Tripati and the Companies from the claims against the remaining defendants. Tripati and the Companies, in contrast to the remaining defendants, failed to answer the FDIC's complaint and thereby allowed a default judgment to be entered against them. The default judgment is unrelated to the merits of the claims against the remaining defendants; therefore the underlying action does not need to be reviewed as a single unit.

Nor can we say that the district court was "clearly unreasonable" in concluding that the equities in the case weighed in favor of certifying the default judgment for immediate review. *Curtiss-Wright* 446 U.S. at 10, 100 S.Ct. at 1466. The district court explained in its Order of Default that the FDIC's claims against the remaining defendants were complex and would take many months or years to resolve. Because Tripati's and the Companies' assets were rapidly being dissipated by other criminal and civil litigation, the equities weighed in favor of certification so that the FDIC could begin collecting on the judgment as soon as possible.[3]

**2.** Rule 54(b) states:
  When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * *.

**3.** This case is distinguishable from *Hayden v. McDonald*, 719 F.2d 266 (8th Cir.1983), where we found that certification under Rule 54(b) was an abuse of discretion for lack of a reasoned statement. The district court's order here gave full consideration to and clearly articulated the basis for its ruling.

The time for Tripati and the Companies to take their appeal began to run on the date of the Rule 54(b) certification, which was October 25, 1983. The appeal filed April 26, 1985, is untimely and is dismissed.