STATE OF MINNESOTA

IN SUPREME COURT

A14-0223

Court of Appeals                                                    Gildea, C.J.
                                              Dissenting, Lillehaug and Stras, JJ.

Contractors Edge, Inc.,

                        Appellant,

vs.                                                          Filed:  May 20, 2015
                                                       Office of Appellate Courts

City of Mankato,

                        Respondent.

_____

Stephen F. Buterin, Heley, Duncan & Melander, PLLP, Minneapolis, Minnesota; and

Aaron A. Dean, Kerry C. Raymond, Best & Flanagan, Minneapolis, Minnesota, for appellant.

James M. Strommen, James J. Thomson, Kennedy & Graven, Chartered, Minneapolis, Minnesota, for respondent.

_____


S Y L L A B U S

1.      When the district court did not explain why Minn. R. Civ. P. 54.02 certification was necessary, the claims at issue arose from the same set of facts, and the record does not otherwise provide a basis for certification under Minn. R. Civ. P. 54.02, the district court abused its discretion in certifying the order as a final partial judgment.

1

2. When a district court abuses the discretion given in Minn. R. Civ. P. 54.02 to certify an order as a final partial judgment, the resulting judgment is not final and is not immediately appealable.

Reversed.

O P I N I O N

GILDEA, Chief Justice.

The questions presented in this case are whether the district court abused its discretion in certifying an order as a final partial judgment under Minn. R. Civ. P. 54.02 ("Rule 54.02"), and if so, whether an erroneously certified order results in a judgment that is immediately appealable. The case arises from a dispute over a construction contract entered into between appellant Contractors Edge, Inc. ("Contractors Edge") and respondent City of Mankato ("the City"). Contractors Edge sued the City alleging breach of contract, equitable estoppel, and violation of the Prompt Payment Act, Minn. Stat. § 471.425 (2014). By 2012 only the breach of contract and the Prompt Payment Act claims remained. The City moved for summary judgment and the district court dismissed the breach of contract claim on October 3, 2012, in an order ("October 2012 order") that is at the center of this appeal. Although neither party asked for a certification of final judgment under Rule 54.02, the district court concluded the October 2012 order by stating, "THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY." Summary judgment on the claim was entered on the

same day. The parties eventually settled the remaining Prompt Payment Act claim and the district court administrator entered final judgment on January 6, 2014.

Contractors Edge appealed on February 7, 2014, seeking review of the October 2012 order.[1] The court of appeals dismissed the appeal as untimely, holding that regardless of whether the district court properly certified the October 2012 order, the partial judgment was immediately appealable and Contractors Edge's appeal time had expired. *Contractors Edge, Inc. v. City of Mankato*, No. A14-0223, Order at 3 (Minn. App. filed Mar. 18, 2014). Because we conclude that the district court abused its discretion in certifying the October 2012 order as final under Rule 54.02 and that a judgment resulting from an improperly certified order is not immediately appealable, we reverse.

I.

The court of appeals dismissed Contractors Edge's appeal, concluding that it was late. *Contractors Edge, Inc. v. City of Mankato*, No. A14-0223, Order at 3 (Minn. App. filed Mar. 18, 2014). Under Minn. R. Civ. App. P. 104.01, subd. 1, a judgment entered "pursuant to Rule 54.02" must be appealed within 60 days of the date the judgment is entered if the "trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment." Consistent with the appellate

---

[1] Although Contractors Edge's notice of appeal stated that Contractors Edge appealed from the October 2012 order, which was not an appealable order under Minn. R. Civ. App. P. 103.03, we construe notices of appeal liberally in favor of their sufficiency. *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn. 1985). We therefore interpret the notice of appeal in this case to reference the January 6, 2014 final judgment.

3

rule, if the district court properly certified the October 2012 order under Rule 54.02, Contractors Edge's appeal, which was not filed until February 2014, was late and the court of appeals did not have jurisdiction. *See Tischendorf v. Tischendorf*, 321 N.W.2d 405, 409 (Minn. 1982) (recognizing that an appellate court does not have jurisdiction over an appeal that is filed late). Accordingly, we turn first to a determination of whether the district court properly certified the October 2012 order as final under Rule 54.02.

Minnesota Rule of Civil Procedure 54.02 allows a district court to direct the entry of a final judgment "as to one or more but fewer than all of the claims" if it determines "there is no just reason for delay." In the October 2012 order, the district court used the language set forth in Rule 54.02. But the court did not explain its reasons for certifying under Rule 54.02. Contractors Edge argues that it is an abuse of discretion for a district court to fail to provide reasons for its decision and that without a recitation of reasons for the certification, the requirements of Rule 54.02 are not met. The City argues that although articulated reasons are an aid to review, they are not a requirement for a proper Rule 54.02 certification.

The parties' arguments require us to interpret procedural rules. We review the construction and application of procedural rules de novo. *Commandeur LLC v. Howard Hartry, Inc.*, 724 N.W.2d 508, 510 (Minn. 2006). In construing procedural rules, we look to the plain language of the rule and its purpose. *Id.*

4

A.

Rule 54.02 provides that the district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Minn. R. Civ. P. 54.02. *Black's Law Dictionary* defines "express" as "[c]learly and unmistakably communicated; stated with directness and clarity." *Black's Law Dictionary* 701 (10th ed. 2014). It defines "determination" as "a final decision by a court." *Black's Law Dictionary* 544 (10th ed. 2014). Further, *Webster's Third New International Dictionary* defines "determination" as "[t]he resolving of a question by argument or reasoning." *Webster's Third New International Dictionary* 616 (2002). These definitions do not support the argument that an "express determination" must include an explanation of the district court's reasoning. *See Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 225-26 (3d Cir. 2012) (examining the language of analogous Federal Rule of Civil Procedure 54(b) and concluding that the district court simply must articulate that it has made a determination that there is no just reason for delay). Instead, the phrase "express determination" suggests that a statement indicating that there is no just reason for delay may be sufficient, even without articulated reasons supporting the conclusion.

Cases interpreting Rule 54.02 and Fed. R. Civ. P. 54(b), the analogous federal provision, also support the conclusion that Rule 54.02 does not require an explanation for the certification. In terms of our precedent, we have never held that articulated reasons

5

are required for a valid certification under Rule 54.02. And most federal courts reviewing the issue have held that although stated reasoning from the district court is preferred, it is not necessary for proper certification.[2] *See, e.g.*, *Explosives Supply Co. v. Columbia Nitrogen Corp.*, 691 F.2d 486, 486 (11th Cir. 1982) (holding that the articulated reasons do not need to be in the judgment); *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 948-49 (7th Cir. 1980) (holding that a lack of articulated reasoning is not a jurisdictional defect if the basis for the district court's decision is "otherwise apparent"). *But see Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (requiring the district court to set out specific findings for a valid certification).

We agree with those courts that have concluded that it is a preferred practice for the district court to provide a written explanation for the certification decision. The failure to provide such articulated reasons, however, is not by itself an abuse of the district court's discretion. This is so because the record might otherwise disclose why the certification was appropriate. *See Bank of Lincolnwood*, 622 F.2d at 948-49.

We turn then to the record here to determine whether the record supports the certification. We review the record through the lens of the abuse-of-discretion standard of review. *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 786-87

---

[2]    We have stated that "[w]here the language of the Federal Rules of Civil Procedure is similar to language in the Minnesota civil procedure rules, federal cases on the issue are instructive." *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 787 n.3 (Minn. 2009).

6

(Minn. 2009) (reviewing a district court's decision to certify an order pursuant to Rule 54.02 for an abuse of discretion).

B.

Contractors Edge argues that the district court abused its discretion in this case because there are "no substantial and compelling reasons" in the record that would justify an immediate appeal of the October 2012 order. The City responds that the district court's certification was reasonable because, as reflected in the record, the two claims were independent of one another and the breach of contract claim was the substantive claim, which warranted immediate review. We agree with Contractors Edge that the record does not provide a basis for certification.

A district court has discretion to "allow a piecemeal appeal if the parties or claims are clearly separable and no prejudice would result from appeal." *Novus Equities Corp. v. EM-TY P'ship*, 381 N.W.2d 426, 428 (Minn. 1986) (citation omitted) (internal quotation marks omitted). When deciding whether to certify, the district court should "weigh[] the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Panichella v. Pa. R.R.*, 252 F.2d 452, 455 (3d Cir. 1958). District courts should not routinely certify an order pursuant to Rule 54.02, but should do so only in appropriate cases. *See T.A. Schifsky & Sons*, 773 N.W.2d at 789 n.6.

One such appropriate case is when a district court certifies an order based on the possibility of hardship that could result from a delayed appeal. *See Novus Equities Corp.*, 381 N.W.2d at 428. For example, in *Novus Equities Corp.*, we upheld a Rule 54.02

certification, noting that the possibility of a substantial loss of interest on a judgment if the appeal were delayed was a permissible basis for an immediate appeal. *Id.*

Administrative concerns, such as the parties' desire to adjudicate one claim fully before deciding whether to continue to trial on another, may also support a certification. *See, e.g.*, *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 450 n.5 (1956). Other factors considered by federal courts in certifying pursuant to Fed. R. Civ. P. 54(b) include expense, delay, shortening the length of a trial, frivolity of competing claims, and the possibility that another claim or counterclaim could offset the judgment. *See Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 371 (3d Cir. 1975), *abrogated on other grounds by Elliott v. Archdiocese of N.Y.*, 682 F.3d 213 (3d Cir. 2012).

When the claims arise out of one set of facts, however, the district court usually should not certify an order as a final partial judgment. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (stating that a district court should consider judicial administrative interests as well as equities to discourage piecemeal appeals in cases in which appellate courts would "have to decide the same issues more than once"); *Hayden v. McDonald*, 719 F.2d 266, 270 (8th Cir. 1983) (discouraging certification when the claims deal "with essentially one set of facts, with which this court would need to refamiliarize itself on subsequent appeals"); *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (stating that confronting issues in a "unified package" is particularly appropriate when the "adjudicated and pending claims are closely related and stem from

essentially the same factual allegations"). Even when other factors are present that may support certification, federal courts have given priority to the interest in judicial administration and held that closely related claims should be reviewed together.[3] *See, e.g.*, *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706-08 (1st Cir. 1996); *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025-26 (2d Cir. 1992); *see also* 10 James W. Moore et al., *Moore's Federal Practice* § 54.23[1][a] (3d ed. 2012).

We agree with the principle discussed in these federal cases that, in general, closely related claims should not proceed separately on appeal. The certification at issue in this case runs afoul of that principle because the record establishes that the claims at issue were closely related. Specifically, both of Contractors Edge's claims arose out of its contractual relationship with the City. Contractors Edge argued that the City owed it compensation for the extra work it performed that was not included in the original contract and brought a breach of contract claim to recover that compensation. Contractors Edge also claimed that the City did not timely pay the percentage of the

---

[3] In *Curtiss-Wright Corp. v. General Electric Co.*, the U.S. Supreme Court noted in dicta that claims arising out of the same facts may be properly certified, if "the district court . . . find[s] a sufficiently important reason for nonetheless granting certification." 446 U.S. at 8 n.2. For example, a finding that appellate review of the certified claim would lead to a settlement of the remaining claim could support a Fed. R. Civ. P. 54(b) certification. *See Cold Metal Process Co.*, 351 U.S. at 450 n.5. The district court made such a finding in *Cold Metal Process Co.* after the parties jointly notified the district court that they wanted to "dispose of" the certified claim before trying the remaining claim and that a final resolution on the certified claim might make it "undesirable to try" the remaining claim. *Id.* There is no evidence in the record that the parties here jointly desired a final resolution on the breach of contract claim before they would proceed on the Prompt Payment Act claim. Accordingly, whether certification would have been appropriate in such a circumstance is not before us.

contract price the City withheld as retainage following completion of the project and that Contractors Edge was therefore entitled to interest, costs, and attorney fees under the Prompt Payment Act. Both claims required the court to interpret the parties' contract: first to determine whether the City owes Contractors Edge under the contract's claims procedure, and then to determine when Contractors Edge's work was substantially completed under the contract. As both claims arose from the same set of facts, certification is discouraged. *See, e.g.*, *Hayden*, 719 F.2d at 270.

In urging us to reach the opposite conclusion, the City argues that the claims have no bearing on one another and are therefore independent. The legal analyses of the claims, however, do not need to overlap in order for the two claims to have a relationship that discourages certification. *See, e.g.*, *Hogan*, 961 F.2d at 1025-26 (holding that the district court abused its discretion in certifying an order that granted summary judgment to one party in a wrongful death suit when the claims were based on the same facts and "the remaining proceedings in the district court may illuminate appellate review of the dismissed claims, or . . . may suggest" that the district court should modify its original order (citations omitted) (internal quotation marks omitted)). If the October 2012 order were separately appealable, the court of appeals would need to refamiliarize itself with the same facts, including the language of the contract and the details of the construction project, to consider the breach of contract claim in the first appeal and then again in the second appeal of the Prompt Payment Act claim. But Rule 54.02 was designed to eliminate precisely this redundancy. *See T.A. Schifsky & Sons*, 773 N.W.2d at 787.

10

Notwithstanding the fact that the claims are closely related, certification could still be permissible under Rule 54.02 if there were others factors that outweighed our policy against piecemeal appeals. But the record discloses no such countervailing considerations. Indeed, neither party in this case even requested Rule 54.02 certification and neither party has made any showing of hardship to justify a piecemeal appeal. Finally, nothing in the record suggests either party would have been prejudiced by waiting to appeal the district court's decision until the final resolution of both claims.

In sum, our review of the record provides no basis for a "determination" that certification was warranted under Rule 54.02. Because the claims arose out of the same facts, there is no showing of hardship or injustice, and the district court gave no indication of its reasons for certifying, we hold that the district court abused its discretion in certifying the October 2012 order.

## II.

Having decided that the district court erred in certifying the October 2012 order pursuant to Rule 54.02, we turn to whether, as the dissent contends and the court of appeals held, Contractors Edge nevertheless had to appeal the resulting judgment immediately. Contractors Edge argues that its appeal was timely because the district court's certification was improper and therefore the October 2012 judgment was not immediately appealable. The correct time to appeal, Contractors Edge argues, was following the entry of a final judgment on the last remaining claim, which did not occur until January 6, 2014. Because Contractors Edge appealed within 60 days of the entry of

final judgment, it contends its appeal was timely.  The City argues that appeals from a Rule 54.02 judgment must be taken immediately, even if the certification is later determined to be improper.

Whether an improperly certified Rule 54.02 order results in a judgment that is immediately appealable is an issue of first impression in Minnesota.  The federal courts are split on the question.  Under the rule adopted in the Ninth Circuit, orders that are improperly certified nevertheless result in immediately appealable judgments.  *See Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir. 1995).  In the Eighth Circuit, by contrast, orders that are certified in error do not result in immediately appealable judgments.  *See Page v. Preisser*, 585 F.2d 336, 338 (8th Cir. 1978).  We can see value in each approach, but in our view, the approach that is most in accord with our precedent and that best promotes the purpose of Rule 54.02 is the rule the Eighth Circuit has adopted.  In other words, an order that is not certified in conformity with Rule 54.02 does not result in an immediately appealable judgment.

While our Rule 54.02 cases have not resolved the precise question presented here, the result we reach is more solidly grounded in the logic of our Rule 54.02 jurisprudence than the approach the Ninth Circuit has adopted and that the dissent advocates.  For example, in *T.A. Schifsky & Sons, Inc. v. Bahr Construction, LLC*, 773 N.W.2d 783, 788 (Minn. 2009), we suggested that a certification in a single-claim case does not start the time for an appeal.  Because Rule 54.02 requires multiple parties or claims, we said that the district court's use of the rule's language "does not necessarily make the resulting

12

judgment a final partial judgment pursuant to Minn. R. Civ. P. 54.02." *Id.* at 787. And we concluded that if the case is not eligible to be certified under the rule, the fact that the district court uses the rule's language in the order at issue does not make the resulting judgment immediately appealable. *Id.* at 788. Importantly for purposes of the case at hand, we went on in *T.A. Schifsky & Sons* to determine whether the case was somehow otherwise appealable. *Id.* ("Having concluded that the November 26, 2007, order could not be certified as a final partial judgment under Minn. R. Civ. P. 54.02, we must decide whether the December 13, 2007, judgment entered pursuant to the order was nevertheless immediately appealable as a final judgment."). If an improper Rule 54.02 certification resulted in a judgment that was nonetheless immediately appealable, as the City and dissent argue, there would have been no reason for us to go on to examine whether there was some other basis on which the case could have been appealed.

We have also held that a failure to state the required language does not result in an immediately appealable judgment. *See, e.g.*, *Pederson v. Rose Coop. Creamery Ass'n*, 326 N.W.2d 657, 661 (Minn. 1982). If the order does not include an express statement that there is no just reason for delay, we said in *Pederson* that the order is not final, "regardless of its designation" under Rule 54.02. *Id.* at 660.

In *T.A. Schifsky & Sons* and *Pederson*, we addressed orders that were erroneously certified because the district court did not comply with the textual requirements of Rule 54.02. In *T.A. Schifsky & Sons*, the district court exceeded its power under the rule, by certifying an order in a single-claim case. *See* 773 N.W.2d at 788. And in *Pederson*,

the district court likewise exceeded the authority given under the rule because the court failed to make the rule's required express determination. *See* 326 N.W.2d at 660. The City and the dissent argue that these cases are not helpful to our analysis, however, because here the district court did not violate the plain terms of the rule; rather, the only argument is that the district court abused its discretion in deciding to certify the October 2012 order. The distinction the City and the dissent draw finds some support outside Minnesota. *See Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir. 1995) (holding that a district court's failure to include articulated reasons is not a jurisdictional defect and therefore the erroneously certified order still starts the time for appeal).[4]

In our view, however, the rule followed by the Eighth Circuit most closely adheres to our precedent. *See Page*, 585 F.2d at 338. In *Page*, the district court granted summary judgment to the Iowa Department of Social Services on a claim that some of the department's regulations violated the Supremacy Clause. *Id.* at 337. The court certified the order under Rule 54(b). *Id.* at 338. A year later, the district court entered final judgment on the remaining claim, a due process challenge to the regulations. *Id.* The plaintiff appealed issues from both orders at that time. *Id.*

---

[4] The South Dakota and Alabama Supreme Courts have adopted the Ninth Circuit's rule. *See Wallace v. Belleview Props. Corp.*, 120 So. 3d 485, 494 (Ala. 2012); *Jacquot v. Rozum*, 790 N.W.2d 498, 505 (S.D. 2010). As the dissent points out, *Moore's Federal Practice* also advances this rule. 10 James W. Moore et al., *Moore's Federal Practice* § 54.26[1] (3d ed. 2012). The Moore's treatise supports the proposition that an abuse of discretion does not affect the time for appeal by citing *Lindsay*, 59 F.3d at 951-52.

The Eighth Circuit noted that appellate courts have broad power to determine whether a district court has properly certified an order for immediate review. *Id.* The court then stated that "[w]hile, technically, the period for taking an appeal begins to run from the time the district court enters final judgment . . . if the certification is erroneous, there is, in fact, no proper final judgment from which a party must appeal." *Id.*; *see also Fed. Deposit Ins. Corp. v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985) ("[I]f the district court errs in certifying the claim, there is no final judgment from which to appeal, and the affected party must wait until a final judgment is entered on all claims against all parties." (citing *Page*, 585 F.2d at 338)). In *Page*, the court determined that the plaintiff's claims were simply different legal theories seeking the same relief, rendering them the same claim for the purpose of Rule 54(b). 558 F.2d at 339. The district court's certification of the Supremacy Clause order, therefore, was erroneous and the plaintiff was able to challenge the court's ruling in an appeal from the final judgment of the due process claim. *Id.*

Both the Second Circuit and the Idaho Supreme Court follow the rule applied in *Page*. In *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445-46 (2d Cir. 1985), the Second Circuit held that when a district court failed to explain its reasoning for certifying an order as a final partial judgment under Rule 54(b), "the order was not a sufficient Rule 54(b) certification."[5] Therefore, an appeal taken from the final judgment

---

[5]  The dissent correctly notes that the Second Circuit requires that a Rule 54(b) certification be accompanied by articulated reasons, an approach we have rejected. That

(Footnote continued on next page.)

15

on all claims, and seeking review of the Rule 54(b) judgment, was timely. *Id.* Similarly, in *Watson v. Weick*, 112 P.3d 788, 794 (Idaho 2005), the Idaho Supreme Court held that the judgment resulting from an order certified under Idaho Rule of Civil Procedure 54(b) in an abuse of discretion was not immediately appealable.[6] The court noted that a district court's certification of a final partial judgment "is not binding on [the supreme court] when it appears that the district court abused its discretion" in certifying. *Id.* at 793; *see also Fed. Deposit Ins. Corp. v. Tripati*, 769 F.2d at 508 (applying the rule from *Page* to a case that involved multiple claims by determining whether the claims were "distinct enough to warrant separate appeals"). We agree with the reasoning of these courts and

---

(Footnote continued from previous page.)
rule, however, does not determine whether an improperly certified order is nevertheless immediately appealable. *See, e.g.*, *Lindsay*, 59 F.3d at 951 (holding that a Rule 54(b) certification was invalid because it lacked articulated reasoning, but concluding the wrongful certification had still started the time for appeal). On that issue, we agree with the Second Circuit that an improperly certified Rule 54(b) judgment is not immediately appealable. *See Ansam Assocs., Inc.*, 760 F.2d at 446.

[6]     Idaho Rule of Civil Procedure 54(b) is analogous to our Rule 54.02. And contrary to the dissent's assertion that *Watson* was decided on provisions unique to Idaho's rules of civil procedure, the Idaho Supreme Court's reasoning is applicable here. The district court in *Watson* had the power to certify the judgment, *see Joyce Livestock Co. v. Hulet*, 627 P.2d 308, 309 (Idaho 1981) (stating that in the "infrequent harsh case[]" even judgments involving a counterclaim may be certified under Rule 54(b)), but it abused its discretion in doing so. *Watson*, 112 P.3d at 794. The Idaho Supreme Court has consistently held that judgments certified in an abuse of discretion are not immediately appealable. *See, e.g.*, *Pichon v. L.J. Broekemeier, Inc.*, 586 P.2d 1042, 1046 (Idaho 1978) ("The trial court abused its discretion in entering Rule 54(b) certifications as to the dismissals of Count I. The orders of partial summary judgment on Count I are not appealable as a result.").

conclude that erroneously certified orders, including orders certified in an abuse of discretion, do not result in appealable final judgments.

The dissent attempts to distinguish *Page*, because *Page* involved a single claim, whereas Contractors Edge pleaded multiple claims. But the *Page* rule has been applied in cases that involved multiple claims. *See, e.g.*, *Tripati*, 769 F.2d at 508; *Ansam Assocs., Inc.*, 760 F.2d at 444-45; *Watson*, 112 P.3d at 793-94. Moreover, the dissent does not articulate why a certification error based on the lack of multiple claims is "materially different" than a multiple-claim case with a certification done in an abuse of discretion. In our view, the better rule is the one that provides that no improperly certified order, no matter the reason for the error, results in an appealable judgment.

Our rule does not, as the dissent asserts, create a new category of "mostly final judgments" and blur a "bright-line" rule. Our rule is clear: if the certification is improper, the resulting judgment is not immediately appealable. Under our rule, therefore, a judgment is either final or it is not final.

The dissent's rule, on the other hand, is hardly the beacon it claims to be. Under the dissent's rule, some orders that are improperly certified under Rule 54.02 result in immediately appealable judgments and some do not. The distinction apparently hinges on an appellate court's determination as to whether the order at issue is "facially valid," a determination that begs as many questions as it answers. *See Page*, 585 F.2d at 339; (noting that there is no bright-line test for determining whether a case involves multiple claims); *see also* 10 James W. Moore et al., *Moore's Federal Practice* § 54.22[2][b]

17

(3d ed. 2012) (noting that the determination of whether separate claims exist "is not always easy to resolve").

The purpose behind Rule 54.02 also supports our interpretation. We have recognized that the purpose of Rule 54.02 is "to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation." *T.A. Schifsky & Sons*, 773 N.W.2d at 787. The interpretation we adopt is consistent with this purpose because it should incent the parties to resolve uncertainties over a certification at the district court, rather than the court of appeals. If, for example, the required Rule 54.02 language in the order was used by mistake, the parties should bring the issue to the district court's attention and the order can be corrected. *See T.A. Schifsky & Sons*, 773 N.W.2d at 787 n.2 (cautioning "district courts against automatically using" Rule 54.02 language). In the circumstance present here, when neither party requested certification, it also would have been advisable for the parties to inquire at the district court as to the basis for the conclusion that certification was warranted. Resolving issues of uncertainty as to certification at the district court best serves the efficient administration of justice.

In contrast to our approach, the dissent's approach encourages piecemeal appeals by insulating the district court's Rule 54.02 certification from review unless an immediate appeal is taken. *See* 15A Charles A. Wright et al., *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3914.7 (2d ed. 1992) (encouraging parties who believe that the district court made an improper Rule 54(b) certification to take a "protective appeal" in which they request that the appellate court dismiss that very

18

appeal). Under the dissent's approach, even in the situation before us today, which we hope is unique, when neither party requested a Rule 54.02 certification and the district court gave no reason for its certification, an immediate piecemeal appeal would be necessary. Rather than an immediate appeal in such a situation, the better practice is for parties to pursue the question with the district court in order to resolve uncertainties as to the basis for the court's certification.

Considering our precedent and the purpose behind Rule 54.02, we conclude that an order that is improperly certified under Rule 54.02 does not result in an immediately appealable judgment. Applying that rule here, the October 2012 order did not result in a final partial judgment because the district court abused its discretion in certifying the order. Accordingly, the October 2012 order was not immediately appealable, and we hold that Contractors Edge's appeal from the final judgment in 2014 was timely.

Reversed.

LILLEHAUG, Justice (dissenting).

By the plain words of Minn. R. Civ. App. P. 104.01, subd. 1, the time to appeal from a partial judgment entered as final is 60 days: no ifs, ands, or buts. The deadline starts to run from the entry of judgment if the district court has made an express determination that there is no just reason for delay and has directed the entry of final judgment. The deadline starts to run regardless of whether the district court's express determination was wise or ill-considered. Until today what was a final judgment, for the purpose of appeal and every other purpose, was crystal clear. Because the majority opinion creates a new, murky category of "mostly final" judgments, I respectfully dissent.

I.

Contractors Edge, Inc. sued the City of Mankato in 2010 on claims arising out of a construction project. As is common in construction litigation, there were multiple claims and motions. By 2012, the parties had made motions for summary judgment in the district court, argued an appeal, and returned to the district court. *Contractors Edge, Inc. v. City of Mankato*, No. A11-916, 2012 WL 118409, at *4 (Minn. App. Jan. 17, 2012), *rev. denied* (Minn. Mar. 28, 2012).

On remand from the court of appeals, there remained two claims: a contract claim of about $252,000 for extra work; and a statutory claim, under the Prompt Payment Act,

Minn. Stat. § 471.425 (2014), for alleged failure to pay retainage.[1]  While the two claims arose out of the same contract, the theories of liability, the potential recoveries, and the City's defenses were quite different.

On October 3, 2012, the district court granted the City's motion for summary judgment on the contract claim, but denied it on the statutory claim.  The court's decision was made by an order that incorporated an attached memorandum.  At the end of the memorandum, and just above the court's signature, the court directed:  "THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY."

As directed, the court administrator promptly entered final judgment, as shown on the Register of Actions.  The court administrator then sent to counsel a Notice of Filing of Order and Entry of Judgment.  The notice advised that "Summary Judgment was entered on October 03, 2012."  Counsel received with the notice a copy of the judgment, stating that it had been "ADJUDGED AND DECREED that Judgment is entered" on the City's contract claim.[2]

---

[1]     After substantial completion in 2009, the City allegedly held $23,365.60 in retainage.  All but $100 of that amount was paid on November 10, 2010.

[2]     Neither party had asked for entry of final judgment under Minn. R. Civ. P. 54.02 and the district court did not explain why it made its express determination sua sponte. Certainly it would have been good practice for the district court to have explained its reasoning.  But the majority holds, and I agree, that under both Minn. R. Civ. App. P. 104.01, subd. 1, and Minn. R. Civ. P. 54.02, no explanation was required.

Contractors Edge did not appeal from the judgment within 60 days. Nor did it seek explanation or clarification from the district court. The record does not explain why no appeal was taken.

More than a year later, the parties settled the remaining statutory claim. The district court entered judgment on January 6, 2014. Less than 60 days later, Contractors Edge appealed from the October 3, 2012, order that had granted summary judgment to the City on the contract claim.[3]

The City moved to dismiss the appeal as untimely. On March 18, 2014, the court of appeals, by order signed by the chief judge, granted the motion. *Contractors Edge, Inc. v. City of Mankato*, No A14-0223, Order at 3 (Minn. App. filed March 18, 2014). We granted review.

## II.

This appeal turns on the meaning of Minn. R. Civ. App. P. 104.01, subd. 1. As we explained recently in *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598 (Minn. 2014), when interpreting procedural rules, we look first to the plain language of the rule. *Id.* at 601. When the language is plain and unambiguous, we follow it. *Id.* There is ambiguity only if the language of the rule is subject to more than one reasonable interpretation. *Id.*

---

[3] The notice of appeal stated that Contractors Edge appealed "from the Order granting, in part, Defendant City of Mankato's Motion for Summary Judgment, issued and filed by the Blue Earth County District Court in the above entitled matter on October 3, 2012." Oddly, it did not refer to either judgment. The order itself is not of the type from which one can appeal. *See* Minn. R. Civ. App. P. 103.03. But I do not disagree with the majority that, in this particular instance, we should construe the notice of appeal liberally to reference the second judgment entered.

Rule 104.01, subd. 1, captioned "Time for Appeal," establishes a bright-line rule for appeals from judgments. A judgment is appealable, and must be appealed, within 60 days after its entry. This deadline is jurisdictional. *See Jesmer Co. v. Wurdemann-Hjelm Corp.*, 250 Minn. 485, 488, 85 N.W.2d 207, 209 (1957) ("The limitation of time within which an appeal may be taken is jurisdictional . . . ."). We do not make exceptions to the appellate deadlines for simple attorney negligence, inadvertence, or oversight. *In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 3-4 (Minn. 2003).

The second paragraph of Rule 104.01, subd. 1, addresses judgments entered as final under Minn. R. Civ. P. 54.02. It provides:

> An appeal may be taken from a judgment entered pursuant to Rule 54.02, Minnesota Rules of Civil Procedure, within 60 days of the entry of the judgment only if the trial court makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment. The time to appeal from any other judgment entered pursuant to Rule 54.02 shall not begin to run until the entry of a judgment which adjudicates all the claims and rights and liabilities of the remaining parties.

In other words, under Rule 104.01, when a judgment is entered on fewer than all of the claims, the judgment may or may not be appealable. If the trial court does not make an "express determination that there is no just reason for delay," it is not appealed. But if the trial court makes an "express determination," and expressly directs entry of final judgment, it is appealable. While Rule 104.01 uses the term "may," the 60-day requirement is mandatory; to be timely, the appeal *must* be taken within 60 days. *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 788 n.5 (Minn. 2009) (60-day appeal requirement in Rule 104.01, subd. 1, is mandatory, not permissive).

Here, the district court granted the motion for summary judgment on one of the two claims and made the express determination required by Rule 104.01, subd. 1, for entry of a final, appealable judgment. The court administrator correctly entered judgment based on the express direction of the district court and gave notice to the parties. Every predicate for finality and appealability was satisfied, so the 60-day deadline for appeal began to run. Thus, applying the plain words of the appellate rule, an appeal from the final judgment of October 3, 2012, was required on or before December 2, 2012, 60 days after the entry of partial final judgment. Contractors Edge waited until January 6, 2014, to appeal. Its appeal was more than a year late.

By failing to read Rule 104.01, subd. 1, straightforwardly, the majority adds a new condition to it. By making appealability of the judgment under the appellate rule conditional on an appellate court's later determination that the trial court properly exercised its discretion pursuant to the underlying civil rule, the majority essentially inserts words into, and thereby rewrites, the appellate rule. Based on the majority holding, Minn. R. Civ. App. P. 104.01, subd. 1, now reads: "An appeal may be taken from a judgment entered pursuant to Rule 54.02, Minnesota Rules of Civil Procedure, within 60 days of the entry of the judgment only if the trial court *without abusing its discretion* makes an express determination that there is no just reason for delay and expressly directs the entry of a final judgment." (Additions emphasized.)

We do not add words or phrases to unambiguous Minnesota rules. *Walsh,* 851 N.W.2d at 604. And amending a rule sub silentio is not the usual way we proceed. The majority's decision to make a tacit amendment to an appellate rule—a jurisdictional

rule, no less—undermines our long-standing transparency in the rules amendment process.

## III.

The case law on which the majority relies in no way requires that our appellate rule be twisted in this way. The Minnesota precedent cited by the majority is easily distinguishable. In *T.A. Schifsky*, a district court, upon express determination that there was no reason to delay, ordered entry of judgment on all four mechanic's lien claims—reserving for later decision the amount of statutory attorney fees. 773 N.W.2d at 786. Neither party had requested entry of judgment. *Id.* The losing party did not appeal within 60 days, instead waiting until post-trial motions were decided and attorney fees awarded. *Id.*

We observed that a district court has no authority to make an express determination unless the lawsuit is based on more than one legal theory or states more than one group of operative facts giving rise to relief. *Id.* at 787. Noting that attorney fees were "not a separate claim independent of the merits of the action, namely, the validity of the lien and the fair and reasonable value of the lien," we decided that entry of judgment under Rule 54.02 was "unnecessary." *Id*. at 789. "Nevertheless," we held: "by operation of law that judgment became final and appealable upon its entry. Accordingly, the court of appeals correctly ruled that [the losing party's] appeal of the judgment determining the validity and amount of the liens was not timely." *Id*.

This case is not *T.A. Schifsky*, in which the district court directed entry of judgment on *all* claims under the mistaken rubric of Rule 54.02. In this case, unlike *T.A.*

*Schifsky,* there is no question (and the majority does not dispute) that the district court directed entry of final judgment on *fewer* than all of the claims. The common-law contract claim for extra work and the statutory Prompt Payment Act claim for retainage were separate claims for the purpose of Rule 54.02. *See Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108-09 (7th Cir. 1984) (explaining that when separate recovery is possible under two claims, those claims are separate under federal Rule 54(b)).[4]

While *T.A. Schifsky's* reasoning does not control this case, its result—appeal dismissed—sends a clear message directly relevant to this case: if a party has doubts about the appropriateness of, or rationale for, any final judgment, the party fails to appeal or seek clarification at its peril. If Contractors Edge doubted that the entry of judgment was proper, it had two choices: it could have appealed on that ground,[5] or it could have sought clarification from the district court. Instead, like the losing party in *T.A. Schifsky,* Contractors Edge let the 60-day deadline pass.

By holding that partial final judgment on fewer than all claims, valid on its face and entered upon the district court's express determination and direction, did not start the time for appeal, the majority declines to follow the great weight of appellate and

---

[4] Federal Rules of Civil Procedure 54(b) and Minn. R. Civ. P. 54.02 are similar in all relevant respects.

[5] If a party believes that a partial final judgment has been erroneously entered based on an abuse of the trial court's discretion, it can appeal from the judgment. When presented with a timely appeal, the court of appeals has reversed and vacated such judgments. *See, e.g.*, *Sterling State Bank v. Maas Commercial Props., LLC*, 837 N.W.2d 733, 739 (Minn. App. 2013), *rev. denied* (Minn. Nov. 12, 2013).

scholarly authority to the contrary. This line of precedent is completely consistent with the plain meaning of our appellate rule and is directly applicable to the facts of this case.

In *Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942 (9th Cir. 1995), a partial final judgment, upon express determination and direction, was entered on five common-law claims under Fed. R. Civ. P. 54(b), but summary judgment was denied on the sixth. *Id*. at 950. Unlike Minnesota (as the majority holds today), the Ninth Circuit requires that a judge support an express determination with findings. *See id.* at 951. The Ninth Circuit panel determined that the bankruptcy court's express determination was erroneous because it was made without findings. *Id.* But even infected with this error, the judgment was appealable: "A Rule 54(b) determination, right or wrong, starts the time for appeal running. This avoids uncertainty for counsel about when to appeal." *Id*.

Three state supreme courts have considered the time for appeal in cases involving partial final judgments on fewer than all claims in which the express determination was argued to be an abuse of discretion. All three courts agreed with the Ninth Circuit that the appeal deadline runs from entry of judgment, regardless of whether the express determination was an abuse of discretion. *See Wallace v. Belleview Props. Corp.*, 120 So. 3d 485, 494 (Ala. 2012) ("When the trial court enters a Rule 54(b) certification, there is a facially valid order from which the time for filing a notice of appeal starts to run."); *Jacquot v. Rozum*, 790 N.W.2d 498, 505 (S.D. 2010) (concluding that although the trial court abused its discretion by ordering judgment, the loser "should have appealed" from the judgment, regardless of whether the certification was "right or wrong"); *Clark v. Archer*, 242 P.3d 758, 761 (Utah 2010) ("[R]ight or wrong, the

D-8

certification started the appeal clock running. This approach provides clarity for counsel on when to appeal and gives proper presumptive deference to the orders of trial courts.").

Not only do the Ninth Circuit and the supreme courts of Alabama, South Dakota, and Utah agree, so do commentators. Moore's treatise on civil procedure speaks to the precise situation here: "A Rule 54(b) judgment begins the running of the time to appeal regardless of the propriety of the entry of that judgment. In other words, *whether or not the court abused its discretion in entering judgment is irrelevant to the parties' obligation to timely appeal.*" 10 James W. Moore et al., *Moore's Federal Practice* § 54.26[1] (3d ed. 2012) (emphasis added). "An aggrieved party must appeal a Rule 54(b) judgment within the time permitted . . . and may not seek review of the judgment after the remaining claims have been adjudicated." *Id.* The Wright treatise on federal procedure similarly indicates that time for appeal of a judgment certified under Rule 54(b) should be measured from the entry of judgment, as long as the court provides an express determination that there is no just reason for delaying review:

> The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims . . . eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, *since the time for appeal begins to run from the entry of an order that meets the requirements of the rule*.

10 Charles A. Wright et al., *Federal Practice and Procedure* § 2654 (3d ed. 1998) (emphasis added).

Instead of following this strong authority, the majority relies on Eighth Circuit precedent, *Page v. Preisser*, 585 F.2d 336 (8th Cir. 1978), that is materially different

from this case because it involved the certification of a single claim, *id.* at 339, just like our *T.A. Schifsky* case. Judgment was entered on one of two constitutional theories despite the fact that the complaint "arose out of a single transaction and asserted only a single claim." 585 F.2d at 339. As a result, the district court had no authority to invoke Rule 54(b). *Id.* By contrast, in this case, there are multiple claims.[6]

The other cases cited by the majority help hardly at all. For example, *Watson v. Weick*, 112 P.3d 788 (Idaho 2005), turned primarily on peculiarities in Idaho R. Civ. P. 54(b). The Idaho district court ran afoul of two provisions of Idaho's rule that have no counterpart in Minnesota: (1) the express determination and direction must appear on the judgment itself, not just on the order for judgment; and (2) when there are claims and counterclaims, there "shall" be a single judgment reflecting offsetting amounts. The "abuse of discretion" language in *Watson* relates to the latter peculiarity. *See id.* at 793-94. Finally, by citing *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442 (2d Cir. 1985), the majority relies on a case premised on disagreement with the majority's first holding: that an express determination and direction followed by entry of judgment need not be supported by a written explanation. *See id.* at 445 (requiring an articulated, reasoned explanation for a Rule 54(b) certification).

---

[6] Contractors Edge does not argue that it pleaded only a single claim. The majority determines that the two claims are "closely related," but, correctly, does not deny that there were "multiple claims." The "closely related" standard goes to whether the district court properly exercised its discretion when it made its express determination under Minn. R. Civ. P. 54.02, not to whether the time to appeal has started to run under Minn. R. Civ. App. P. 104.01, subd. 1.

In sum, the majority's holding is contrary to the plain language of the rule and applicable authority.  The majority has created for Minnesota a new category of "mostly final" judgments:  final judgments valid on their face that can be miraculously resuscitated for appeal after the time for review has expired.[7]

IV.

Because I read Minn. R. Civ. App. P. 104.01, subd. 1, to be clear and unambiguous, I am under no obligation to discuss the implications of the majority's erroneous creativity.  But I feel compelled to do so, because the harmful results are easily foreseeable.

Until now, a final judgment, valid on its face, entered in a Minnesota court upon express determination and direction but not appealed was truly final.  It was final, not just to the litigants involved, but to the world.  It was final for accrual of judgment interest, for a judgment lien, for execution on the judgment, and for the doctrine of res judicata.  It could not be undone except for a limited number of very good and substantial reasons. *See* Minn. R. Civ. P. 60 (relief from judgment or order).

By holding that a final judgment valid on its face can be appealed and undone even after the time to appeal has expired, the majority creates a great deal of confusion.

---

[7]    On the new category, *compare The Princess Bride* (Act III Communications 1987) (Miracle Max exclaims:  "Whoo-hoo-hoo, look who knows so much.  It just so happens that your friend here is only *mostly* dead. There's a big difference between mostly dead and all dead. . . . Mostly dead is slightly alive.")

What the court of appeals had assumed to be a bright line[8] has been badly blurred. A jurisdictional and certain time limit has become elective.

Parties, attorneys, lower courts, and businesses that rely on facially valid judgments, such as lenders and title companies, will surely wonder about the legal significance of a "final" judgment entered by express determination that has not been timely appealed, but could be appealed later. They will ask: Can the winner rely on the judgment in business or personal matters—or must the winner do nothing while the rest of the litigation proceeds? If the judgment is for money, is there a judgment lien after 60 days—or might the judgment lien be eviscerated by later appeal? After 60 days, can the judgment creditor proceed to collection—or will the money have to be returned if the underlying claim is reversed on appeal down the road? Does res judicata apply after 60 days—or only after all other claims are decided and all appeals are exhausted?

The majority asserts that its holding will discourage piecemeal appeals. Instead, it will encourage litigation over late appeals. The majority's new "mostly final" judgment category creates a "danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a [truly] final judgment can be had," *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).[9]

---

[8]     *See Javinsky v. Comm'r of Admin.*, 725 N.W.2d 393, 397 (Minn. App. 2007). The majority's holding creates new problems for the court of appeals, which relies heavily on the face of the judgment to determine whether an appeal is timely.

[9]     If, as the majority surmises, district courts have ignored our cautionary notes in opinions such as *T.A. Schifsky*, and they routinely and thoughtlessly make judgments final with boilerplate language, the better solution might be to consider an amendment to

(Footnote continued on next page.)

V.

I need not reach, and the majority did not have jurisdiction to reach, the question of whether the district court abused its discretion in making its express determination and direction.  I need not reach, and the majority should not have reached, whether the proper remedy for the district court's lack of explanation is reversal or a remand to the district court to explain its reasoning.  Because this appeal was untimely by more than a year, I would affirm the court of appeals' decision to dismiss it.


STRAS, Justice (dissenting).

I join in the dissent of Justice Lillehaug.

(Footnote continued from previous page.)
Rule 54.02 that would require district courts to explain their express determinations. Such an amendment could be considered in a transparent rulemaking process.